UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRIS CHAVEZ, as Independent Administrator of the Estate of IRENE CHAVEZ, deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, RICARDO MENDEZ, (#18779), JOSE GUTIERREZ (#14601), STEPHANIE JIMENEZ (#17103), BRYANT CHOW, JESSE LOPEZ (#18334), SERVANDO GOMEZ (#3508), OFFICER WOOD, LIEUTENANT MICHAEL MURZYN (#183), SERGEANT ANTHONY MCGOWAN (#1816), and JOHN DOE #2, <br><br> Defendants. | No. 22 C 0935 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiff Iris Chavez ("Iris"), as Independent Administrator of the Estate of Irene Chavez ("Irene"), brings suit against Defendants the City of Chicago (the "City"), Ricardo Mendez, Jose Gutierrez, Stephanie Jimenez, Bryant Chow, Jesse Lopez, Servando Gomez, Officer Wood, Lieutenant Michael Murzyn, Sergeant Anthony McGowan, and John Doe 2 (collectively, "Defendants"), alleging violations of Irene's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 (Counts I and II), 42 U.S.C. § 1983 (Counts III–V), and Illinois state law (Counts VI–VIII). Defendants have moved to strike allegations and footnotes in the complaint pursuant to Federal Rules of Civil Procedure 12(f), 8(a)(2), and (8)(d)(1). Because Defendants have not demonstrated that the challenged pleadings are unduly prejudicial or that they fail to provide fair notice, the Court denies Defendants' motion to strike.

## BACKGROUND[1]

On December 18, 2021, Irene died as a result of suicide. Irene, a Chicago-native, was a queer, Afro-Latina woman and decorated military veteran. Irene served in combat zones during her two overseas tours and suffered at least two concussions. Upon her honorable discharge, she developed post-traumatic stress disorder ("PTSD")—which made her a qualified individual under the ADA—and alcohol dependency. Irene's PTSD made it difficult for her to work, care for herself, and maintain social interactions with others.

On the evening of December 18, Irene was drinking at Jeffrey Pub, a bar in Chicago. She had recently completed an alcohol treatment program but relapsed that night after remaining sober for a month and a half. Irene had an altercation with one of the bouncers, who called the Chicago Police Department ("CPD"). When the CPD arrived, the bouncer told the officers that Irene hit and spit on him because he would not allow her to play music. He also implied that Irene accused him of inappropriate conduct. The bouncer told the officers that he was not injured and did not want to press felony charges, but he wanted to proceed with misdemeanor charges.

The CPD officers on the scene included Defendants Wood, Mendez, Gutierrez, Jimenez, and Chow. Throughout the course of the evening, these officers heard Irene repeatedly assert that she was a veteran suffering from PTSD and that she needed help. Irene's friend told at least some of the officers that Irene had recently relapsed and needed professional medical care.

---

[1] The facts in the background section are taken from Iris' complaint and are presumed true for the purpose of resolving Defendants' motion to strike. *See James v. City of Evanston*, No. 20-CV-00551, 2021 WL 4459508, at *1 (N.D. Ill. Sept. 29, 2021); *Vander Schaaf v. Midwest Transfer & Logistics, LLC*, No. 07C6555, 2009 WL 3754044, at *1 (N.D. Ill. Nov. 6, 2009).

Before officers arrested Irene, the bouncer told the CPD officers that Irene "just needed a ride home." Doc. 1 ¶ 25.

Officers Mendez and Jimenez initiated standard CPD arrest procedures. While Irene was handcuffed and reasserting her requests for help, she became upset. Officer John Doe 1 asked her questions while officer Jimenez conducted a search, and Irene told him to "shut up." Irene said she was speaking to the "lady," referring to officer Jimenez. Officer John Doe 1 told Irene that he was talking to her and screamed "go fuck yourself" in Irene's face after Irene told him to "fuck off."

Officers Chow and Wood transported Irene from Jeffrey Pub to District 3. As with the other officers, Chow and Wood proceeded with standard CPD arrest procedures despite Irene's pleas for help. Once the officers seated Irene in the transport vehicle, officer Wood told Irene's friend that she would be released that night, because they were only charging her with a misdemeanor. During the drive to District 3, Irene repeatedly sang the song, "You are my Sunshine," and eventually changed the lyrics to, "please don't take my life away." The officers laughed and mocked Irene during the drive.

Once at District 3, officer John Doe 2 asked Irene if she had shoelaces or earrings, presumably to mitigate suicide risk. He also asked if she was okay, to which she responded, "no I'm not alright." Officer Chow placed Irene in a holding cell that had two metal bars in the wall which formed a protrusion. The cell's large observation window was covered in paper, which prevented officers from observing the people detained in the cell. For at least 45 minutes, Irene cried out for help from the cell; she reasserted that she was a veteran living with PTSD and that she needed to see a therapist. Multiple CPD officers, including Mendez, Jimenez, Gutierrez, Gomez, and Lopez, could hear Irene from where they were sitting outside of the cell. After a

3

few minutes of silence, officer Gutierrez looked over the obstructing paper into the holding cell by standing on a table. He saw Irene unconscious with one end of her shirt tied around her neck, and the other secured to the metal bar. Irene was pronounced dead at the hospital later that night.

Defendants move to strike certain of these, and more, allegations from Iris' complaint.

## LEGAL STANDARD

Rule 12(f) permits the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are generally disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)). A party moving to strike under Rule 12(f) "has the burden of showing that the 'challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" *E & J Gallo Winery v. Morand Bros. Bev. Co.*, 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003) (quoting *Carroll v. Chi. Transit Auth.*, No. 01 C 8300, 2002 WL 20664, at *1 (N.D. Ill. Feb. 8, 2002)). A Rule 12(f) motion to strike "is not a mechanism for deciding disputed issues of law or fact, especially where . . . there has been no discovery, and the factual issues on which the motion to strike largely depend[ ] are disputed." *Riemer*, 275 F.R.D. at 494.

## ANALYSIS

I.  **Federal Rule of Civil Procedure 12(f)**

Defendants move pursuant to Federal Rule of Civil Procedure 12(f) to strike paragraphs 12–17, 37, 47, 58–65, 72–79, and accompanying subparagraphs, from Iris' complaint, arguing that these paragraphs contain unnecessary, unrelated, and prejudicial allegations. In response,

4

Iris maintains that these paragraphs support the claims for relief and that Defendants have not demonstrated undue prejudice. The Court agrees.

### A. Challenged Paragraphs Are Relevant

First, Defendants argue that some challenged paragraphs are unnecessary, irrelevant, or extraneous. Doc. 26 at 4–7 (discussing Doc. 1 ¶¶ 58–65, 72–79). As a threshold matter, the Court will not strike paragraphs or subparagraphs solely because they are unnecessary; the challenged allegations must also prejudice Defendants. *Franklin v. City of Chi.*, No. 1:18-CV-06281, 2020 WL 374669, at *2 (N.D. Ill. Jan. 23, 2020) ("The Court should not strike language from pleadings unless it has no possible relation to the controversy *and* is clearly prejudicial." (emphasis added)); *Harman v. Gist*, No. 02 C 6112, 2003 WL 22053591, at *3 (N.D. Ill. Sept. 2, 2003) ("[M]ere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant.")[2]

In any event, many of these paragraphs are properly in the complaint. For example, as Defendants themselves anticipated, paragraphs 58–65 relate to Iris' claim for liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Doc. 26 at 6–7. To state a claim for *Monell* liability, a plaintiff must allege: (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking

---

[2] Defendants' arguments about redundancy, *e.g.,* Doc. 26 at 6–7; Doc. 36 at 5–6, fail for the same reason. *See Franklin*, No. 86 C 1739, 2020 WL 374669, at *5 (N.D. Ill. Jan. 23, 2020) (citing *In re Asbestos Cases*, 1990 WL 36790, at *4 (N.D. Ill. Mar. 8, 1990)) ("[M]ere redundancy is insufficient to form the basis for a motion to strike if the substance of the pleading is not undermined.").

authority. *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). "Inaction, too, can give rise to liability in some instances if it reflects a conscious decision not to take action." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citation omitted) (internal quotation marks omitted). Iris asserts that her claim hinges on a widespread custom or practice and on Defendants' inaction; thus, to state a claim, Iris "must show more than the deficiencies specific to [Irene's] own experience." *Daniel v. Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016).

The challenged paragraphs seek to demonstrate that Defendants had notice that people living with mental illness face a risk of harm when encountering CPD officers and that this risk of harm results from inadequate policies rather than isolated officer conduct. Paragraph 59, for example, details instances of suicide by detainees at Cook County Jail. This paragraph and accompanying subparagraphs seek to show that Defendants had notice of suicide risk for individuals in custody, which relates to Iris' claim for *Monell* liability. Doc. 1 ¶ 59.

### B. Challenged Paragraphs Are Not Unduly Prejudicial

Defendants also argue that the challenged paragraphs are prejudicial. "Prejudice results where the challenged allegation[s] ha[ve] the effect of confusing the issues or [are] so lengthy and complex that [they] place[] an undue burden on the responding party." *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). As to some of the paragraphs, Defendants merely assert that they would suffer prejudice. *E.g.,* Doc. 26 at 5 (arguing that Iris' code of silence allegations "simply serve to prejudice the Defendants," without explaining how they suffer prejudice). Such conclusory assertions are insufficient for a motion to strike. *See Fox v. Will Cnty.*, No. 04 C 7309, 2011 WL 6206238, at *2 (N.D. Ill. Dec. 7, 2011) (denying motion to strike where defendant "fail[ed] to explain precisely… why [plaintiff's] allegations [were] unduly prejudicial").

6

As to other paragraphs, Defendants argue that the information contained therein could confuse a jury. Doc. 26 at 4 (allegations "will likely confuse or mislead the jury"); *id.* at 5 ("allegations pertaining to other matters and incidents create a significant risk of juror confusion"); *id.* ("allegations of other incidents or alleged misconduct in other instances will confuse and mislead the jurors in their consideration of. . . liability"). However, prejudice for purposes of a motion to strike does not include risk of jury confusion. *Fletcher v. Bogucki*, No. 20-CV-04768, 2021 WL 4477968, at *9 (N.D. Ill. Sept. 30, 2021) (rejecting defendants' argument that challenged allegations would confuse the jury because "the [c]ourt [had] not yet determined whether those allegations [could] be presented to the jury," an issue properly resolved for a future motion *in limine*). Thus, the Court will not strike any allegations on the grounds that they may ultimately confuse a jury.

Finally, as to some paragraphs, Defendants argue that they will suffer prejudice because investigating the allegations will take substantial time and effort. Doc. 26 at 4–6 (citing Doc. 1 ¶¶ 59, 62, 65, 74–75). Defendants focus this argument on paragraphs and accompanying subparagraphs that relate to instances or individuals not directly involved in this case. *Id.* As discussed above, many of these paragraphs could support Iris' claim for *Monell* liability. *See, e.g.,* Doc. 1 ¶¶ 62(a)–(x) (detailing instances of harm suffered by people with mental illness when encountered by CPD officers to demonstrate CPD's "deficient policies, practices, and procedures"). Moreover, much of the information contained in the allegations "refer[s] to publicly available information." *See, e.g.,* Doc. 1 ¶¶ 65, 74–75 (summarizing publicly available reports); *Franklin*, 2020 WL 374669, at *5 ("There is nothing especially scandalous about repeating material in the public domain."). Defendants may be required to expend some effort to respond to these allegations, but "[a]dmitting or denying the allegations will not be difficult. The

City undoubtedly has a well-honed strategy for responding to allegations of this sort in other cases." *Franklin*, 2020 WL 374669, at *6 (rejecting the City's argument that it would take "enormous factual investigation to respond" to plaintiff's allegations, thereby resulting in prejudice, where allegations consisted of summaries of published studies and events). "[T]he Court cannot say whether evidence will bear out [these] allegations. But in the meantime, there is little downside in requiring [Defendants] to answer the allegations, particularly if—as the [Defendants] argue[]—they are somewhat redundant of other allegations." *Id.* at *5.

Defendants' prejudice argument relies on only one case. In *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787 (N.D. Ill. 1997), the court struck a single sentence which said that a company was the alter ego of two individual defendants, reasoning that the plaintiff failed to state a cause of action for veil piercing and that the sentence risked confusing the issues of the individual defendants' liability. *Id.* at 799. The court refused to strike the remaining challenged allegations because they related to the alleged violations and the defendant failed to show how they were "unduly prejudicial as to warrant judicial intervention." *Id.* The challenged paragraphs here similarly relate to Iris' alleged violations, and Defendants have failed to show how they are unduly prejudicial.

## II.  Federal Rule of Civil Procedure 8

In addition to moving to strike allegations for containing unnecessary and prejudicial information, Defendants move to strike paragraphs 1–5, 14–15, 26–30, 37, 40, 47, 58–66, and 77, and all footnotes, for failing to comply with Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1). Rule 8(a)(2) requires that a complaint contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(a). "The primary purpose

of [Rule 8] is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Fox*, 2011 WL 6206238, at *2 (citing *Vicom, Inc. v. Harbridge Merck Servs., Inc.*, 20 F.3d 771, 775 (7th Cir.1994)).

The challenged paragraphs put Defendants on fair notice of the claims brought against them. Paragraphs 1–5 provide background information, which "is common practice when filing complaints." *Fox*, 2011 WL 6206238, at *2 (denying defendant's motion to strike the "Nature of the Claim" section of complaint because it "provide[d] [defendant] with fair notice of [plaintiff's] claims and complie[d] with the requirements of Rule 8(a)"); *Holyfield-Cooper v. Bd. of Educ. of City of Chi.*, No. 13 C 3625, 2013 WL 4401503, at *5 (N.D. Ill. Aug. 14, 2013) (rejecting defendant's motion to strike "superfluous and irrelevant allegations" on Rule 8 grounds because "they provide[d] background for [the] [p]laintiff's claims"). The rest of the challenged paragraphs each relate to a single subject matter, "lending [them] to a straightforward response." *Chaban v. Williams*, No. 15 C 1926, 2015 WL 5897858, at *2 (N.D. Ill. Oct. 7, 2015) (rejecting defendants' objections to complaint's allegations on Rule 8(d)(1) grounds because each paragraph "set[] out a straightforward and readily understandable narrative that cover[ed] a single subject"). For example, paragraphs 14 and 15 detail causes and effects of Irene's PTSD, and paragraphs 26–30 contain allegations about specific officers' actions and inactions relating to Irene's arrest.

The Court finds Defendants' arguments to the contrary to be unavailing. First, Defendants argue that paragraphs 1–5 are redundant. Doc. 26 at 8 n.1. As stated *supra* n.2, redundancy is not a basis for striking allegations absent prejudice, which Defendants have not demonstrated. Second, Defendants assert that 16 of the challenged paragraphs include evidence,

9

argument, speculation, or unrelated events. Doc. 36 at 9. Defendants fail to point out which paragraphs contain which alleged flaws, but in any event, each of the cited paragraphs provides information about a general subject matter that is relevant to one of Iris' claims. *See, e.g.,* Doc. 1 ¶¶ 58–66 (detailing, in separate paragraphs, government reports of detainee suicide, instances of detainee suicide, harmful encounters between CPD and individuals with mental illness, deficiencies in CPD's official and *de facto* policies, complaints received by CPD officers, and provisions of a consent decree between CPD, the City, and the State of Illinois related to policing individuals living with mental illness). Finally, Defendants' cited cases are inapposite because their operative complaints are distinguishable from the one at issue here. *See, e.g., U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("[Plaintiff's] lawyer filed documents so long, so disorganized, so laden with cross-references and baffling acronyms, that they could not alert either the district judge or the defendants to the principal contested matters."); *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1011 (N.D. Ill. 1998) (striking time-barred allegations); *Mutuelle Generale Francaise Vie v. Life Assur. Co. of Penn.*, 688 F. Supp. 386, 391 (N.D. Ill. 1988) (striking complaint that included "extraneous material unrelated to its claims[,] . . . colloquialisms and parenthetical additions to its allegations").

Defendants also invoke Rule 8 as grounds to strike all footnotes contained in the complaint, arguing that they are excessive and argumentative. Though some footnotes may be unnecessary or contain legal conclusions, "[f]at in a complaint can be ignored." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Moreover, while "a plaintiff cannot simply rely on legal conclusions in pleading his case, . . . a plaintiff is not barred from pleading legal conclusions in an initial pleading." *Walker v. Walker*, No. 11 C 2967, 2011 WL 3757314, at *2

(N.D. Ill. Aug. 25, 2011). To the extent any of the footnotes, or any of the numbered allegations, include a legal conclusion, Defendants "should be able to respond in accordance with Rule 8(b)." *Id.* (declining to strike paragraphs that contained "certain facts and a few legal conclusions to which Respondent should be able to respond").

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to strike [26].

Dated: October 11, 2022

_____
SARA L. ELLIS
United States District Judge